[No. C030482. Third Dist. Feb. 16, 2000.]

COUNTY OF YUBA, Plaintiff and Appellant, v.
JOSE GEORGE SAVEDRA, Defendant and Respondent.

1312

Daniel E. Lungren and Bill Lockyer, Attorneys General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and M. J. Hamilton, Deputy Attorneys General, for Plaintiff and Appellant.

Jose George Savedra, in pro. per., for Defendant and Respondent.

**OPINION**

**KOLKEY, J.**—The County of Yuba (the County) appeals from a default judgment establishing paternity in respondent Jose George Savedra, but declining to order that respondent pay child support. In so holding, the Yuba County Family Court Commissioner (the trial court) ruled that "notwithstanding Welfare & Institutions Code section 11355(b)[,][1] evidence of . . . income must be presented before the proposed judgment can be entered."

The trial court erred. Where the defendant parent defaults in an action seeking an order of child support pursuant to the procedures set forth in former section 11475.1 (and now Fam. Code, § 17400, subd. (c)(2))—which provide notice to the defendant that the proposed judgment accompanying the complaint will become effective in the event of a default—the court is required to enter the judgment, without requiring evidence of the parent's income upon which the child support is calculated. (See former § 11355, subd. (b), Stats. 1996, ch. 957, § 14; and Fam. Code, § 17430, subd. (a), added by Stats. 1999, ch. 478, § 1 and amended by Stats. 1999, ch. 480, § 17 and Stats. 1999, ch. 652, § 17.5.) We conclude that the trial court had no discretion to ignore the clear language of the statute, or to read into the statute a requirement that a "prove-up" hearing be held. As long as the County's action proceeded in accordance with the appropriate statutes and guidelines in determining the proper level of child support in the proposed judgment, nothing more is required. Accordingly, we reverse the judgment.

---

[1]Welfare and Institutions Code section 11355 was repealed by Statutes 1999, chapter 478, section 1, and has been replaced with Family Code section 17430. Unless designated otherwise, all further statutory references are to the Welfare and Institutions Code.

## Factual and Procedural Background

Respondent did not appear in the proceedings before the trial court, and has not filed a brief on appeal. Accordingly, we accept the factual recitation contained in the County's opening brief, but apply the rule that the County must affirmatively demonstrate prejudicial error. (*County of Lake v. Antoni* (1993) 18 Cal.App.4th 1102, 1104 [22 Cal.Rptr.2d 804]; *Miles v. Speidel* (1989) 211 Cal.App.3d 879, 881 [259 Cal.Rptr. 582] ["the better reasoned cases hold that 'since the appellant has the affirmative burden to show error whether or not the respondent's brief has been filed, the respondent's failure to file does not require an automatic reversal' "]; Cal. Rules of Court, rule 17(b).)

Andrea, the minor in issue, was born out of wedlock in 1992. In April 1998, the Yuba County District Attorney, Family Support Division (District Attorney), filed the instant paternity and child support action against respondent. The District Attorney's "Summons and Complaint Regarding Parental Obligations" (complaint) charged that the minor had received public assistance since January 1997. It sought a judgment that respondent was the minor's parent and that he pay $141 in monthly child support (based upon respondent's "known" income of $640 monthly) and $5,193 in back child support.

Attached to the complaint was a proposed "Judgment Regarding Parental Obligations" (proposed judgment), ordering respondent to pay $141 in monthly support for the minor, effective May 1, 1998, and child support for the period from January 1997 through April 1998 in the amount of $5,193.[2] The proposed judgment also informed respondent in no uncertain terms: "**NOTICE: THIS IS A PROPOSED JUDGMENT. This** *Judgment Regarding Parental Obligations* **will be entered by the court and will become legally binding unless you fill out and file the** *Answer* **. . . with the court clerk within 30 days of the date you were served with the** *Summons and Complaint* **. . . ."** (Italics and bold print in original.)

On April 27, 1998, the complaint and proposed judgment were personally served on respondent. Respondent, however, did not appear as directed in the summons.

On July 21, 1998, the trial court, at the request of the District Attorney, entered respondent's default.

---

[2]The proposed judgment erroneously stated that the child support order was based on the presumed income of the respondent, although a computer printout attached to the judgment showed the defendant's actual income. The County confirmed this on appeal, contending that it "went to the effort and expense of using respondent's actual income for the past period during which his child was on the welfare rolls. . . ."

The trial court declined, however, to enter the proposed judgment as the judgment of the court. The trial court deemed the proposed judgment "questionable" because the support figures set forth therein were "not supported by evidence," and because the District Attorney's July 21, 1998, "Declaration for Default or Uncontested Judgment" lacked "any evidence of [respondent's] actual earnings since 1997 or any evidence of earnings history." (The declaration, however, did state: "All the information in the complaint is true and correct according to the records maintained by the district attorney pursuant to the Social Security Act.") The trial court scheduled a default "prove-up" hearing.

The prove-up hearing was held on July 30, 1998, following which the trial court entered a default judgment, finding that respondent was the parent of the child. However, the trial court refused to order respondent to pay child support. Instead, the trial court's judgment reserved the issue of current and past child support (and health insurance) and stated that "notwithstanding Welfare & Institutions Code section 11355(b)[,][3] evidence of . . . income must be presented before the proposed judgment can be entered." The County appealed from the judgment.[4]

## DISCUSSION

## I

### *Standard of Review*

■     The judgment of a trial court is presumed correct. All intendments and presumptions are indulged to support the judgment. (*In re Marriage of Zimmerman* (1993) 16 Cal.App.4th 556, 561-562 [20 Cal.Rptr.2d 132].) However, " 'questions relating to the interpretation of statutes are matters of law for the reviewing court. [Citation.]' " (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1151 [62 Cal.Rptr.2d 466].) Thus, when a trial court's ruling turns on the interpretation of a statute, the issue is one of law, subject to the independent review of this court. (*Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 313 [44 Cal.Rptr.2d 902].)

■     The instant case involves a pure question of law: Whether the trial court's refusal to enter the proposed judgment comports with the dictates of

---

[3]See *ante*, footnote 1.

[4]The County's notice of appeal states that it is appealing from the judgment "wherein the court found that . . . the county is required to produce evidence of paternity and income before the proposed judgment can be entered in a default hearing." Since the County obtained a finding of paternity, that issue is not before us, and we only address the need for evidence of income before a default judgment can be entered.

former sections 11475.1 and 11355. We review the court's judgment in the context of these former statutory provisions because "[a]s a general rule, an appeal only determines whether the judgment was correctly rendered based on . . . the law as it existed at that time." (*Broadmoor San Clemente Homeowners Assn. v. Nelson* (1994) 25 Cal.App.4th 1, 4 [30 Cal.Rptr.2d 316].) We conclude that the trial court had no discretion to ignore the clear language of these statutes, or to read into these statutes the requirement that a "prove-up" hearing be held as a prerequisite to the entry of a final judgment.

## II

### *Statutory Background*

#### A.   *The Legislative Response to Title IV-D of the Social Security Act*

In 1974, Congress enacted what is known as title IV-D of the Social Security Act, specifically "[f]or the purpose of enforcing the support obligations owed by absent parents to their children and the spouse (or former spouse) with whom such children are living." (42 U.S.C. former § 651; see generally 42 U.S.C. §§ 651-669b.)

"The idea behind title IV-D, quite plainly, was to recoup welfare costs from the absent parents of children being given public assistance." (*Clark v. Superior Court* (1998) 62 Cal.App.4th 576, 579 [73 Cal.Rptr.2d 53].)

To this end, title IV-D imposes a series of obligations on the states, including the requirement that the state provide services related to the enforcement of child support obligations. (42 U.S.C. § 654 (4)(A) ["the State will— [¶] provide services relating to . . . the establishment, modification or enforcement of child support obligations"].)

In response, our state Legislature enacted a series of statutes designed to ensure that California complies with its title IV-D obligations. (See former §§ 11350, 11350.1, 11475.1, 11478.2; Fam. Code, § 4002 et seq.)

In 1999, the Legislature enacted a new statutory scheme that created a new Department of Child Support Services within the California Health and Human Services Agency to perform all of the functions necessary to establish, collect, and distribute child support (Fam. Code, § 17200 et seq. (Stats. 1999, ch. 478, § 1)), and repealed sections 11350, 11350.1, 11475.1, and 11478.2, replacing them with Family Code sections 17402, 17404, 17400, and 17406, respectively. (Stats. 1999, ch. 478, § 1 as amended by Stats.

1999, ch. 480, §§ 13, 14, 15, Stats. 1999, ch. 980, § 14.2 and Stats. 1999, ch. 653, § 15.)

However, former sections 11350, 11350.1, subdivision (a), and 11475.1 were in effect at the time of the trial court's ruling. They allow the district attorney to prosecute actions for child support in the name of the county that provided the assistance on behalf of the child. "By enacting section 11350 the Legislature has chosen to commence the noncustodial parent's liability for child support with the grant of benefits rather than with the issuance of a support order. . . ." (*City and County of San Francisco v. Thompson* (1985) 172 Cal.App.3d 652, 659 [218 Cal.Rptr. 445].) Thus, when the separation or desertion of any parent from a child results in welfare payments to that family, former section 11350 makes the noncustodial parent liable to the county for either (i) the amount specified "in an order for the support and maintenance of such family issued by a court" (former § 11350, subd. (a)(1)), or (ii) the amount of support "which would have been specified in an order for the support and maintenance of the family during the period of separation or desertion provided that any such amount in excess of the aid paid to the family [is] not . . . retained by the county, but disbursed to the family." (Former § 11350, subd. (a)(2).)

B. *Former Sections 11475.1 and 11355*

At the heart of the instant appeal are former sections 11475.1 and 11355.

Former section 11475.1 directs the Judicial Council to develop a simplified summons, complaint, and answer form in actions for support. (Former § 11475.1, subd. (c).) That section further sets forth the contents of the summons, complaint, and proposed judgment, including the notice to be given to the defendant parent concerning the relevant procedures: "The simplified complaint form shall provide the defendant with notice of the amount of child support that is sought pursuant to the guidelines set forth in Article 2 (commencing with Section 4050) of Chapter 2 of Part 2 of the Family Code based upon the income or income history of the defendant as known to the district attorney. If the defendant's income or income history is unknown to the district attorney, the complaint shall inform the defendant that income shall be presumed in an amount that results in a court order equal to the minimum basic standard of adequate care provided in Section 11452 unless information concerning the defendant's income is provided to the court. The complaint form shall be accompanied by a proposed judgment. The complaint form shall include a notice to the defendant that the proposed judgment *will become effective* if he or she fails to file an answer

with the court within 30 days of service." (Former § 11475.1, subd. (c)(2), italics added; see Fam. Code, § 17400, subd. (c)(2).)

In turn, section 11452—to which former section 11475.1 refers in specifying the amount of child support in those cases where the defendant's income is unknown—sets forth the schedule of minimum basic standards of adequate care. Likewise, Family Code section 4055—to which former section 11475.1 refers in specifying the amount of child support in those cases where the defendant's income is known—sets forth a statewide uniform guideline for determining child support orders based on the amount of both parents' income to be allocated for child support, the parties' net monthly disposable income, and the approximate percentage of time that the higher earner has primary responsibility for the child.

Former section 11355 sets forth the procedure for entering default judgments in connection with those actions brought pursuant to former section 11475.1:

"(a) Notwithstanding any other provision of law, in any action filed by the district attorney pursuant to Section 11350, 11350.1, or 11475.1, a judgment *shall be entered* if the defendant fails to file an answer or otherwise appear in the action within 30 days of service of process upon the defendant.

"(b) If the defendant fails to file an answer with the court within 30 days of having been served as specified in subdivision (c) of section 11475.1, the proposed judgment *shall become effective* unless the district attorney has filed a declaration and amended proposed judgment pursuant to subdivision (c). [¶] . . .

"(d) Upon entry of the judgment, the clerk of the court shall mail by first-class mail, postage prepaid, a notice to the defendant *that his or her default has been taken and that the proposed judgment has been entered.*" (Italics added.)

### III

*Interpretation of the Statutes for Purposes of This Appeal*

Notwithstanding the provisions of former sections 11475.1 and 11355, the trial court refused to enter the proposed judgment for child support, concluding that "notwithstanding Welfare & Institutions Code section 11355(b)[,]

evidence of . . . income must be presented before the proposed judgment can be entered." The trial court misconstrued the statutes.

■ "Pursuant to established principles, our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].) Ordinarily, the words of the statute "provide the most reliable indicator of legislative intent." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804].) " ' "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose. . . ." ' [Citation.] ' "The words of the statute must be construed in context, keeping in mind the statutory purpose. . . ." ' " (*In re Marriage of Corman* (1997) 59 Cal.App.4th 1492, 1498 [69 Cal.Rptr.2d 880].)

■ The language used in former sections 11475.1 and 11355 is clear. Former section 11475.1, subdivision (c)(2) provides that where the parent's income or income history is known, the complaint "shall provide the defendant with notice of the amount of child support that is sought pursuant to the guidelines set forth in Article 2 (commencing with Section 4050) of Chapter 2 of Part 2 of the Family Code. . . ." That same subdivision also directs that if the parent's income or income history is unknown, "the complaint shall inform the defendant that income shall be presumed in an amount that results in a court order equal to the minimum basic standard of adequate care provided in Section 11452 unless information concerning the defendant's income is provided to the court." (Former § 11475.1, subd. (c)(2).)

Moreover, under that statute, the complaint must be accompanied by a proposed judgment, which mirrors the orders sought in the complaint, and the complaint form must "include a notice to the defendant that the proposed judgment will become effective if he or she fails to file an answer with the court within 30 days of service." (Former § 11475.1, subd. (c)(2).)

In this case, the complaint appears to comply with former section 11475.1, subdivision (c). It specifies that the monthly child support of $141 that it seeks is based "on the Obligor's known income of: $640.00 per month," and the proposed judgment attaches a computer printout showing the parents' incomes pursuant to which the past due child support was calculated under Family Code section 4050 et seq.[5]

We now turn to the issue whether a proposed judgment under former section 11475.1 must be subject to a prove-up hearing before it can be

---

[5]This court has not checked the accuracy of the calculations since that has not been raised on appeal and can be checked on remand to assure compliance with the statutory scheme.

entered in connection with a default. Former section 11355 clearly provides that "[n]otwithstanding any other provision of law, in any action filed by the district attorney pursuant to sections 11350, 11350.1, or 11475.1, a judgment *shall be entered* if the defendant fails to file an answer or otherwise appear in the action within 30 days of service of process upon the defendant." (Former § 11355, subd. (a), italics added.) The section further provides that if the parent fails to file an answer within 30 days of having been served "as specified in subdivision (c) of section 11475.1, the proposed judgment *shall become effective* unless the district attorney has filed a declaration and amended proposed judgment pursuant to subdivision (c)." (Former § 11355, subd. (b), italics added.)

Thus, the plain language of former section 11355 states unequivocally that where a parent fails to respond to the complaint and summons, "the proposed judgment shall become effective unless the district attorney has filed a declaration and amended proposed judgment pursuant to subdivision (c)." (Former § 11355, subd. (b).) Indeed, the form complaint under former section 11475.1 even contains a notice warning the defendant that "the proposed judgment will become effective if he or she fails to file an answer . . . ." (Former § 11475.1, subd. (c)(2).)

█ " 'It is a well established rule of statutory construction that the word "shall" connotes mandatory action and "may" connotes discretionary action.' [Citation.]" (*In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1039 [31 Cal.Rptr.2d 749].)

█ The mandatory language used in former section 11355 means that the Legislature intended the proposed judgment to become the final judgment when the defendant parent defaults as long as that proposed judgment was prepared as required by the statute. The statute does not require a "prove-up" hearing.

Admittedly, civil default judgments pursuant to Code of Civil Procedure section 585 often do require a "prove-up" hearing. Where the default falls within the parameters of Code of Civil Procedure section 585, subdivision (b)—that is, actions other than those "arising upon contract or judgment for the recovery of money or damages" (Code Civ. Proc., § 585, subd. (a))— a "prove-up" hearing is held, at which "the court shall hear the *evidence* offered by the plaintiff and shall render judgment in his or her favor for such sum (not exceeding the amount stated in the complaint . . .), as appears by such evidence to be just." (Code Civ. Proc., § 585, subd. (b), italics added.) The absence of this language from the subsequently enacted former section 11355 suggests a purposeful decision not to require it here. (See *People v.*

*Motor City Hosp. and Surgical Supply, Inc.* (1997) 227 Mich.App. 209 [575 N.W.2d 95] [when construing a statute, the court may not assume the Legislature inadvertently omitted from one statute language it placed in another statute].)

Moreover, former section 11355 can be reconciled with the general default statutes by reason of the phrase at the beginning of former section 11355, "[n]otwithstanding any other provision of law." ■ " '[S]tatutes which are in *pari materia* should be read together and harmonized if possible. Even when one statute merely deals generally with a particular subject while the other legislates specially upon the same subject with greater detail and particularity, the two should be reconciled and construed so as to uphold both of them if it is reasonably possible to do so [citations].' " (*People v. Squier* (1993) 15 Cal.App.4th 235, 240-241 [18 Cal.Rptr.2d 536], quoting *Natural Resources Defense Council, Inc. v. Arcata Nat. Corp.* (1976) 59 Cal.App.3d 959, 965 [131 Cal.Rptr. 172].)

■ "The purpose of a proviso is to create an exception, qualification, restriction, or limitation of the preceding principal provision that would have included the matter excepted were it not for the proviso, and to deprive the principal provision of any effect inconsistent with the terms of the proviso. It will be construed as a necessary condition of the statutory provision it qualifies . . . . [¶] . . . In other words, the usual office of a proviso is to except something from the enacting clause, or to qualify or restrain its generality." (58 Cal.Jur.3d (1980) Statutes, § 117, pp. 506-507, fns. omitted.) The "notwithstanding" clause in former section 11355 is such a proviso, and reconciles that section with the general default statutes.

■ In sum, we conclude that the language used in former sections 11475.1 and 11355 is clear, and directs the trial court, upon defendant's default, to enter the proposed judgment in an action brought "pursuant to Section 11350, 11350.1, or 11475.1," without a prove-up hearing. Accordingly, the trial court erred in refusing to enter the proposed judgment on the ground that no evidence of income was presented.

To the extent any further support is needed for the conclusions we draw herein, this support can be found in the legislation enacted in 1999 and effective January 1, 2000, which further clarifies that no prove-up hearing is required. On that date, section 11355 was repealed and replaced with Family Code section 17430. (Stats. 1999, ch. 478, § 1 as amended by Stats. 1999, ch. 480, § 17 and Stats. 1999, ch. 652, § 17.5.)

New Family Code section 17430 states in pertinent part: "(a) Notwithstanding any other provision of law in any action filed . . . pursuant to

Section 17400 . . . , a judgment shall be entered without hearing, *without the presentation of any other evidence* or further notice to the defendant, upon the filing of proof of service . . . evidencing that more than 30 days have passed since the simplified summons and complaint, proposed judgment, . . . and all notices required by this article and Article 7 . . . were served on the defendant. [¶] (b) If the [parent] fails to file an answer with the court within 30 days of having been served . . . or at any time before the default judgment is entered, the proposed judgment filed with the original summons and complaint *shall be conformed by the court as the final judgment [of the court]* . . . ." (Stats. 1999, ch. 478, § 1 as amended by Stats. 1999, ch. 480, § 17 and Stats. 1999, ch. 652, § 32, italics added.) The reference in Family Code section 17430, subdivision (a), to "without presentation of any other evidence" makes clear that the only evidence that need be submitted is that required by section 17400, and that no hearing or prove-up is required.

On the other hand, while the trial court may not require evidence of income before the default judgment is entered, it is entitled to assure itself that the proposed judgment is in compliance with the statutory scheme, including that the amount of child support has been calculated "pursuant to the guidelines set forth in Article 2 (commencing with Section 4050) of Chapter 2 of Part 2 of Division 9 [of the Family Code] based upon the income or income history of the defendant as known to the local child support agency," or where defendant's income is unknown, pursuant to "the minimum basic standard of adequate care . . . provided in Sections 11452 and 11452.018. . . ." (Fam. Code, § 17400, subd. (c)(2); see former § 11475.1, subd. (c)(2).) The statutes do not require the court to blindly enter any proposed judgment that has accompanied the complaint, regardless of its compliance with the statutory scheme.

In that connection, we note that the County's proposed judgment attached a computer printout showing the parents' incomes and its calculations pursuant to Family Code section 4055.

We requested supplemental briefing seeking "the underlying calculations and the legal authority for the imposition in the proposed judgment of the support amounts contained therein."

The County responded to our request, but did so "in protest," asserting that the District Attorney's "right to not produce such worksheets in the courtroom [lies at] the heart of this appeal."

The County misconstrues our request. There is a significant difference between requiring evidence of respondent's income (which the statute does

not require) and requiring that the child support award in the judgment be calculated in compliance with the relevant statutory provisions. Former section 11355 and new Family Code section 17430 require that the trial court enter the proposed judgment where the action is filed pursuant to specified statutory sections (now Fam. Code §§ 17400, 17402, or 17404) in the event of a default. (Former § 11355, subds. (a), (b); Fam. Code, § 17430, subds. (a), (b).) With regard to the proposed judgment, former section 11475.1 directs the County to determine the proper amount of support pursuant to either the guidelines set forth in the Family Code (e.g., Fam. Code, § 4055) or certain other statutory provisions (former § 11475.1, subd. (c); Fam. Code, § 17400, subd. (c)(2)).

■ Accordingly, a court asked to enter a judgment brought pursuant to a particular statutory scheme is entitled to determine whether the judgment does conform to that statutory scheme. The court is not required to blindly assume that the proposed judgment conforms with the statutory scheme. (Cf. *Clark v. Superior Court, supra*, 62 Cal.App.4th at p. 584, fn. 5 ["[The trial courts] do not do their jobs when they merely rubber-stamp the output from a deputy district attorney's computer."].) Any such assumption would be an abdication of the court's responsibility. Accordingly, on remand, while the trial court may not require evidence of income before a default judgment is entered, it should assure itself that the proposed judgment is in compliance with the statutory scheme.

IV

*Due Process*

We cannot, of course, interpret former sections 11355 and 11475.1 (or the new Family Code sections) in a way that violates due process. The County suggests that there is no such violation. Accordingly, we address briefly whether the summary procedure under former sections 11355 and 11475.1, or Family Code sections 17400 and 17430 violates due process.

The Fourteenth Amendment to the federal Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." The California Constitution contains similar due process guarantees. (Cal. Const., art. I, §§ 7, 15.)

■ "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (*Mathews v. Eldridge* (1976) 424 U.S. 319, 333 [96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32]; accord, *Lambert v. California* (1958) 355 U.S. 225, 228 [78 S.Ct. 240, 243,

2 L.Ed.2d 228, 231].) Under the statutory scheme here, a defendant parent *is given* an opportunity to be heard before a judgment is entered.

We therefore turn to the more specific question whether entry of a default judgment without an evidentiary hearing violates due process. In determining what process is due in any particular context, the courts generally consider three factors: (1) the private interest affected by the governmental action; (2) the interest(s) of the government; and (3) the risk of an erroneous deprivation through the procedures used, and the probable value, if any, of additional procedural safeguards. (*Mathews v. Eldridge, supra,* 424 U.S. at pp. 334-335 [96 S.Ct. at pp. 902-903, 47 L.Ed.2d at p. 33].)

### A. *The Private Interest at Stake*

■ In the action before us, the private interest at stake is financial. (Cf. *Clark v. Superior Court, supra,* 62 Cal.App.4th at p. 581.) It is thus not at the same level as a deprivation of free speech, religious freedom, or liberty. (See *ibid.;* cf. *In re Dependency of Grove* (1995) 127 Wn.2d 221 [897 P.2d 1252, 1261] ["Where, as here, the interest at stake is only a financial one, the right which is threatened is not considered 'fundamental' in a constitutional sense . . . ."].)

Indeed, the private interest at stake is more narrow: It is not the preservation of the amounts that would be otherwise paid in child support, but only the avoidance of a payment of child support in excess of the statutorily required amount. The obligation to support one's children is "among the most fundamental obligations recognized by modern society" (*Moss v. Superior Court* (1998) 17 Cal.4th 396, 410 [71 Cal.Rptr.2d 215, 950 P.2d 59]), and "[a] parent who is able to support his or her children has no *legitimate* interest at all in not supporting them, and moreover has no legitimate interest in sloughing off that responsibility onto the taxpayers." (*Clark v. Superior Court, supra,* 62 Cal.App.4th at p. 582, italics in original.) In fact, "[t]he only legitimate interest in this context is in paying the minimum lawfully appropriate amount." (*Ibid.*)

### B. *The Government's Interest*

The government's interest, on the other hand, is in making certain that those parents who are able to support their children do so, thus freeing the government from shouldering that burden. "The whole point, after all, of title IV-D was *to save the taxpayers' money.*" (*Clark v. Superior Court, supra,* 62 Cal.App.4th at p. 585, italics in original.)

C. *The Risk That the Procedures Used Will Lead to an Erroneous Decision*

Finally, the risk of an erroneous deprivation through the procedures used, and the probable value, if any, of additional procedural safeguards is limited. If the County erroneously posits a higher income for the defendant parent than is correct, the defendant can correct it after he or she receives notice of the amount of child support requested. In fact, the complaint form prepared by the Judicial Council specifies the income upon which the current monthly child support award is based. A parent who voluntarily absents himself or herself after service of the complaint has no cause for complaint.

Moreover, an award of support based on presumed income—and thus set at the minimum basic standard of adequate care—will in many instances be substantially less than the amount that would have been imposed had the parent appeared in court and truthfully disclosed his or her actual earnings.

Additionally, it is not likely that an evidentiary hearing as to the amount of the parent's income will enhance the accuracy of the determination of that income. In a default proceeding, it is the defendant parent who has refused to appear who knows better than the County what his or her income is.

Finally, under both the old and new statutes, the Legislature has set in place a procedure that allows the parent, following the entry of a final judgment of support, to seek relief from his or her default. As presently provided under Family Code section 17432, subdivision (a), "In any action filed by the local child support agency pursuant to Section 17400, 17402, or 17404, the court may, on any terms that may be just, relieve the defendant from that part of the judgment or order concerning the amount of child support to be paid. This relief may be granted after the six-month time limit of Section 473 of the Code of Civil Procedure has elapsed, based on the grounds, and within the time limits, specified in this section." (Fam. Code, § 17432, subd. (a); former § 11356.)

In conclusion, the parent is the best repository of the information needed to make the most informed support decision. To the extent that the parent defaults and thus refuses to cooperate in the proceedings, he or she cannot claim that the lack of an evidentiary hearing violates due process.

## DISPOSITION

The judgment is affirmed insofar as it establishes paternity in respondent. In all other respects, the judgment is reversed, and the matter is remanded to the trial court for proceedings consistent with this opinion.

Blease, Acting P. J., and Callahan, J., concurred.

On March 14, 2000, the opinion was modified to read as printed above.