Filed 6/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| MARK GREINER,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLEE KELLER,<br><br>　　　Defendant and Appellant. | A154755<br><br>(Sonoma County<br>Super. Ct. No. SFL62914) |

We consider the scope of Family Code section 4062, which provides that a trial court must order an award for childcare costs related to a parent's "employment or to reasonably necessary education or training for employment skills."[1]

Kimberlee Keller (mother) is the custodial parent of the parties' young child and supported herself and the child on a combination of public assistance plus earnings from part-time and temporary employment. She sought an award for childcare costs so that she could obtain a paralegal certification with the goal of becoming fully self-supporting without the need for public assistance. Framing the legal issue as one of first impression as to the applicability of section 4062 "to a situation where a party is employed with marketable skills and is electing to improve their skills through education," the trial court ruled mother's request exceeded the scope of section 4062 because the statute does not allow an award of childcare costs incurred while a parent pursues education to expand existing employment skills if a parent's currently marketable skills were sufficient to secure employment or were capable of being used to secure employment even if being underutilized.

---

[1]　　All further unspecified statutory references are to the Family Code.

However, the trial court failed to give due consideration to the statute's plain language, which is no way restricts "employment" or "employment skills" to current employment, as well as the Legislature's general principles governing child support awards. As section 4062 allows a court to consider a request for childcare costs related to reasonably necessary education for prospective employment to allow a custodial parent to become self-supporting without the need for public assistance, we reverse the order and remand the matter with directions to the trial court to reconsider mother's request on its merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Mark Greiner (father) and mother are the parents of a minor child. Mother has both legal and physical custody of the child. In 2015, judgment was entered in which father was ordered to pay one-half of reasonable childcare costs for their child.

In May 2018, mother filed a request for an order, under section 4062 and pursuant to the parties' judgment, directing father to pay one-half of childcare costs incurred while she attended a paralegal program at a local college that she expected to complete in June 2019 and an online computer skills course at a local library. Her request was limited to the childcare costs incurred while she attended three evening classes a week at the college and on certain Saturdays when she used a specific computer program available at the library for the online computer skills course. Mother had enrolled in the paralegal program, which was only offered in the evening, because she needed to work during the day. At the time of her application, mother was employed in a law office as a receptionist/assistant working 28 hours per week.

Mother explained that since 2011, when she was laid off from a job due to government budget cuts, she had been unable to secure stable, consistent, dependable, or on-going employment. She had only been able to find temporary or part-time positions as a notary and office assistant, mostly in law offices. She believed her failure to secure full-time permanent employment was due to her lack of a college education, outdated skills, and inadequate knowledge about new and advancing technologies in the work place. Due to her employment situation, she could not support her family on her earnings

alone. She met the family's basic needs by supplementing her income with public assistance for housing and food, and a public subsidy for daytime childcare costs while she worked. She anticipated that paralegal certification would provide the requisite skills to secure permanent employment and become fully self-supporting without public assistance.

Father opposed mother's request on the basis that section 4062 did not allow for an award of shared childcare costs because mother was able to secure employment with her existing job skills, she was not required by her current employer to increase her training and employment skills through further education, and her decision to pursue paralegal studies was a personal choice unrelated to her "employment or to reasonably necessary education or training for employment skills." The Sonoma County Department of Child Support Services (DCSS) intervened and filed a trial brief stating that the court should resolve certain factual issues before determining the applicable limits of section 4062.

Following an evidentiary hearing, the court denied mother's request because it "exceed[ed] the requirements" of section 4062. The court found that section 4062 "does not require one parent to share in the childcare costs incurred for the other parent to pursue an education to expand their existing employment skills where the requesting parent has existing marketable skills that they are currently using to obtain employment or are capable of using even if they are being underutilized." In light of its decision, the court did not determine several outstanding issues including whether mother's educational endeavors were "reasonably necessary education or training for employment skills," whether mother had actually incurred reimbursable childcare costs associated with her educational endeavors, and the amount and appropriate apportionment of any childcare costs.

Mother's timely appeal ensued.

## DISCUSSION

Generally, we review a trial court's order denying a parent's request for employment-related childcare costs under section 4062 for an abuse of discretion. (*In re*

3

*Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1039 (*Fini*) [court's finding that no order for employment-related childcare costs under section 4062 was appropriate was "clearly within the court's discretion"].) However, in this case, the trial court's ruling was based on its interpretation of the scope of section 4062, which presents an issue of law subject to our independent review. (*County of Yuba v. Savedra* (2000) 78 Cal.App.4th 1311, 1316.)

We apply well-settled law in evaluating the scope of section 4062. "In statutory construction cases, our fundamental task is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.] 'We begin by examining the statutory language, giving the words their usual and ordinary meaning.' [Citation.] If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.]" (*Estate of Griswold* (2001) 25 Cal.4th 904, 910–911 (*Griswold*).) As we now explain, the plain language rule applies in this case.

Section 4062 "mandates ('the court shall order')" child support for childcare costs related to a parent's "employment" or "for reasonably necessary education or training for employment skills." (*Fini, supra,* 26 Cal.App.4th at p. 1039.) The statute "does not require that the [childcare] costs be 'reasonable' as opposed to actual [because] the word 'reasonably' modifies the phrase 'necessary education or training for employment skills,' and appears to refer to the education or training of the *parent,* not the child." (*In re Marriage of Gigliotti* (1995) 33 Cal.App.4th 518, 525, fn. 2.) "If there needs to be an apportionment of expenses pursuant to Section 4062, the expenses shall be divided one-half to each parent, unless either parent requests a different apportionment pursuant to subdivision (b) [of section 4061] and presents documentation which demonstrates that a different apportionment would be more appropriate." (§ 4061, subd. (a).)

The statute sets forth no qualifying limitations. Rather, it directs a trial court to consider a parent's request for childcare costs incurred while that parent is pursuing "reasonably necessary education or training for employment skills." The Legislature could easily have chosen to insert a qualifying term, for example limiting the provision to

4

the requirements of a parent's current employment, but it did not. "We may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used." (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349.) Of particular import in the instant case, "[w]e may not, under the guise of interpretation, insert qualifying provisions not included in the statute. [Citation.]" (*Griswold*, *supra*, 25 Cal.4th at p. 917.)

In addition, by interpreting the statute pursuant to its plain language, giving the words their common and usual meaning, we not only honor the words of the statute but also honor the Legislature's explicit admonishment that in awarding child support the courts are to adhere to certain general principles. These principles include that "[e]ach parent should pay for the support of the children according to his or her ability;" "[t]he financial needs of the children should be met through private financial resources as much as possible;" and "children actually receive fair, timely, and sufficient support reflecting the state's high standard of living and high costs of raising children compared to other states." (§ 4053, subds. (d), (h), (*l*).)

We therefore conclude the trial court erred as a matter of law in ruling that mother's request for section 4062 employment-related child care costs exceeded the requirements of the statute. In support of its decision, the trial court relied on *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467 (*Khera & Sameer*), which we find to be inapposite. In that case, the parents had agreed to split childcare costs to permit the mother to obtain a master's degree in social work. (*Id.* at p. 1482.) The mother sought to modify the parties' agreement by asking the court to award childcare costs related to her pursuit of a doctoral degree, although the agreement did not cover education beyond the master's degree. (*Ibid.*) Under those circumstances, the trial court properly denied the mother's request for elective education because she was currently able to be fully self-supporting but chose not to work. (*Ibid.*) Unlike the situation in *Khera & Sameer*, in this case mother was not seeking "elective education" as her current earnings, education, and training did not allow her to be fully self-supporting without public assistance and her request for childcare costs should have been considered in the

5

context of determining what was "reasonably necessary" to allow her to become self-supporting.

In sum, this case exemplifies why the Legislature enacted section 4062, which provides for a parent to secure employment-related childcare costs. Were we to read the statute, as did the trial court, so as to preclude mother's request where she is seeking childcare costs to achieve employment skills reasonably necessary for her to become self-supporting without public assistance, we would fail to give due consideration to the Legislature's advisements that parents are to provide child support in accordance with their abilities, the financial needs of the children should be secured through private financial resources as much as possible, and children are entitled to sufficient support reflecting the state's high standard of living and high costs of raising children here.

## DISPOSITION

The order denying mother's request for childcare costs under Family Code section 4062 is reversed. The matter is remanded with directions to the trial court to reconsider mother's request on its merits. The court should consider, among other things, whether mother's educational endeavors were "reasonably necessary education or training for employment skills," whether mother actually incurred reimbursable childcare costs associated with her educational endeavors, and the amount and appropriate apportionment of any childcare costs. Our decision should not be read and we express no opinion as to how the trial court should rule on the merits of mother's request on remand. "[T]he court in child support proceedings, to the extent permitted by the child support statutes, must be permitted to exercise the broadest possible discretion in order to achieve equity and fairness in these most sensitive and emotional cases." (*Fini*, *supra*, 26 Cal.App.4th at p. 1044.)

The parties shall bear their own costs on appeal.

6

_____
Petrou, J.

WE CONCUR:


_____
Siggins, P.J.


_____
Wiseman, J.[*]

_A154755 Greiner et al. v. Keller_

---

[*] Retired Associate Judge of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:    Sonoma County Superior Court

Trial Judge:    Shelly J. Averill

Counsel:       Law Office of Kimball J.P. Sargeant, Kimball J.P. Sargeant, for Plaintiff and Respondent.

Law Firm of Constance Burtnett, Constance Burtnett, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Linda M. Gonzalez, Supervising Deputy Attorney General, Monique S. Seguy, Deputy Attorney General, for the Public Interest.