[No. S062931. June 25, 1998.]

COUNTY OF SANTA CLARA, Plaintiff and Appellant, v.
DELMER L. PERRY, Defendant and Respondent;

COUNTY OF SANTA CLARA, Plaintiff and Appellant, v.
CESAR O. HERNANDEZ, Defendant and Respondent.

[No. S061671. June 25, 1998.]

COUNTY OF RIVERSIDE, Plaintiff and Respondent, v.
RAYMOND JOSEPH KEEGAN, Defendant and Appellant.

436

**COUNSEL**

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Appellant and for Plaintiff and Respondent.

George W. Kennedy, District Attorney, and Patricia M. Sanford, Deputy District Attorney, for Plaintiff and Appellant.

Grover C. Trask, District Attorney, and Barbara A. Heredia, Deputy District Attorney, for Plaintiff and Respondent.

Phillip J. Cline, District Attorney (Tulare), Robert B. Bartlett and John S. Higgins, Jr., Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Appellant and Plaintiff and Respondent.

Delmer L. Perry and Cesar O. Hernandez, in pro. per., for Defendants and Respondents.

Henry James Koehler IV for Defendant and Respondent Delmer L. Perry and for Defendant and Appellant.

## OPINION

**BROWN, J.**—In this case we consider the retroactivity of original child support orders in paternity actions initiated by the district attorney. These consolidated cases involve county support enforcement services implementing the federal "IV-D" program,[1] in which virtually identical support actions led to different results.

In Santa Clara County, family support division complaints to establish paternity and child support culminated in support orders retroactive to the date of filing of the notice of motion for judgment. The Sixth District Court of Appeal affirmed, concluding that support orders can be made retroactive only to the filing date of the notice of motion or order to show cause for support. In Riverside County, a government complaint to establish paternity and child support led to an order retroactive to the date of filing of the original complaint. The Fourth District Court of Appeal affirmed.

We granted review to resolve the conflict between the two districts and provide a uniform interpretation of the statute in question. We agree with the Sixth District's result and affirm its judgment. The judgment of the Fourth District Court of Appeal is reversed.

### I. FACTS AND PROCEDURAL BACKGROUND

Both the Family Code and the Welfare and Institutions Code provide jurisdiction for the county, through the district attorney, to obtain child support orders. (Fam. Code, § 4002; Welf. & Inst. Code, §§ 11350, 11350.1, 11475.1.) Under the Welfare and Institutions Code provisions, each county district attorney is responsible for determining paternity for children born out of wedlock and is authorized to establish, modify, and enforce resulting child support obligations. Actions brought by the district attorney to establish paternity or child support or to enforce child support obligations must comply with federal law.

Pursuant to Welfare and Institutions Code sections 11350.1 and 11475.1, when a child is born to unmarried parents and no voluntary declaration of

---

[1]Title IV-D of the Social Security Act (42 U.S.C. § 651 et seq.) (Title IV-D) was enacted in California by Welfare and Institutions Code sections 11475 and 11475.1 and related statutes.

paternity is filed and no presumption of paternity is otherwise applicable, the district attorney must file an action to establish paternity before any parental obligation to pay child support can be enforced. The course of the legal action is largely determined by the alleged parent's response to the complaint. If he fails to answer, a default judgment may be entered. If he stipulates to paternity or to paternity testing and temporary child support, the parties may reach a voluntary settlement. If the alleged parent answers and denies paternity, the district attorney must obtain a judgment establishing paternity. Or, the alleged parent may admit paternity but request a hearing on support. When an answer is filed and some period of time elapses before a permanent support order is entered, a question arises about the date to which the child support order is retroactive.

## A.  Santa Clara County

### 1.  Delmer L. Perry

The Santa Clara County District Attorney Family Support Division filed an amended "governmental complaint" to establish both parental relationship and child support on September 20, 1995. Perry was served on December 15, 1995. In his answer filed January 16, 1996, Perry admitted paternity but requested a court hearing on support. The notice of motion for judgment, temporary support, and support was filed February 20, 1996. The request for order and declaration sought child support as of October 1, 1995 (the first month after the complaint was filed). The commissioner recommended that no arrearages be assessed between the filing of the complaint and February 20, 1996.

### 2.  Cesar O. Hernandez

Santa Clara County's "governmental complaint" to establish parental relationship and child support was filed October 3, 1995. Hernandez filed his answer on December 5, 1995, admitting paternity but requesting a court hearing on the support issue. The county's notice of motion for judgment, temporary support, and support was filed on March 5, 1996. The referee specified that support would commence March 5, the date of filing the notice of motion for support.

The Sixth District Court of Appeal affirmed both judgments.

## B.  Riverside County

In *County of Riverside* v. *Keegan*, the custodial parent sought the assistance of Riverside County to establish paternity and obtain support for her

minor child. The county's complaint against the alleged father, Raymond Joseph Keegan, was filed on August 21, 1989. The summons and complaint were not served until February 4, 1991, because Keegan moved several times and lived in Nevada for awhile. Keegan filed an answer on March 14, 1991, and on April 4, 1991, stipulated to homolugous lucocytic antibodies (HLA) blood testing, which showed a 99.5 percent probability of paternity. A stipulated temporary support order was obtained on November 19, 1991. That order was "subject to modification . . . retroactively." The abstract of judgment was filed December 9, 1991.

Keegan requested a second blood test, which was never performed. On August 16, 1993, Keegan filed his own complaint to establish parental relationship for custody and visitation. He admitted paternity on September 13, 1993. The case went to trial April 4, 1994. The commissioner ordered support retroactive to August 21, 1989, the date the complaint was filed.

The Fourth District Court of Appeal affirmed.

## II. Discussion

■ Family Code section 4009 (section 4009) governs the effective date for child support orders obtained in family law actions, providing: "An order for child support may be made retroactive to the date of filing the notice of motion or order to show cause, or to any subsequent date, except as provided by federal law (42 U.S.C. Sec. 666(a)(9)."[2] The paternity establishment provisions in the Welfare and Institutions Code do not contain an analogous section and do not cross-reference section 4009.

Section 4009 applies by its terms to any order for child support. The parties assume section 4009 applies to Welfare and Institutions Code paternity actions. Although we have found no definitive answer to this threshold question, we assume, in light of the parties' concession, that section 4009's scope is broad enough to cover both types of actions. This view is consistent with the language in Welfare and Institutions Code section 11475.1, subdivision (f), specifying that temporary support orders issued in paternity

---

[2]This is the language of the statute as it appears in the Family Code as enacted in 1992. When the complaint was first filed in the *Keegan* case, the predecessor Civil Code statute read, in part: "Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke. *Any order for child support*, as well as any order of modification or revocation of such an order, *may be made retroactive to the date of the filing of the notice of motion or order to show cause therefor,* or to any subsequent date . . . ." (Former Civ. Code, § 4700, subd. (a), as enacted by Stats. 1985, ch. 1358, § 1, p. 4820, italics added.)

actions "have the same force and effect as a like or similar order under the Family Code" and in subdivision (j) of that section, permitting the district attorney to intervene in an action under the Family Code in which child support is an issue. Thus, our inquiry is limited to what constitutes compliance with section 4009.

For defendants, the question is whether an order for child support can be made retroactive to the date the original complaint was filed rather than the date a notice of motion or order to show cause was *served*. The Attorney General[3] asks whether the order may be retroactive to the date the original complaint was filed or only to the date the motion or order to show cause was *filed*. Although both Courts of Appeal limited their determination to non-AFDC (Aid to Families With Dependent Children) paternity actions filed pursuant to Welfare and Institutions Code section 11350.1, the Attorney General apparently takes the position that "[a]ll original support orders should be retroactive to the date of filing of the complaint."

These differences may be partially explained by the interaction of state and federal law in paternity cases. Language almost identical to section 4009 appears in Family Code section 3653, which permits an order modifying or terminating a support order to be made "retroactive to the date of the filing of the notice of motion or order to show cause to modify or terminate . . . , *except as provided by federal law* (42 U.S.C. Sec. 666(a)(9))." (Italics added.) Section 666(a)(9) of Title IV-D applies to the modification of an existing child support order and limits the accrual of arrearages to the date the noticed motion or order to show cause is served. ▮ Thus, the "practical impact of subjecting retroactivity to [federal law] is that orders *modifying* child support (as opposed to original orders of support) may be made retroactive only to the date of *service* of the [order to show cause] or notice of motion for modification." (Hogoboom & King, Cal. Practice Guide: Family Law 1 (The Rutter Group 1997) ¶ 6:511, p. 6-148.6; *In re Marriage of Goosmann* (1994) 26 Cal.App.4th 838, 843 [31 Cal.Rptr.2d 613].) Although the Legislature expressed concern that the federal requirement is "potentially injurious" to custodial parents and their children because it prevents them from receiving increased support payments at the earliest possible date and encourages noncustodial parents to avoid service to delay increased support obligations (Sen.Res. No. 27 (1987-1988 Reg. Sess.)), the exception was added in 1987 to comply with the Title IV-D mandate.

As the Court of Appeal decisions here illustrate, the question of which filing date governs the retroactivity of original orders is more complex.

---

[3]These cases (*County of Santa Clara* v. *Perry, County of Santa Clara* v. *Hernandez, and County of Riverside* v. *Keegan*) were consolidated. Both counties are represented in this court by the Attorney General.

■ Ordinarily, the words of the statute provide the most reliable indication of legislative intent. (*Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804].) However, if the terms of the statute provide no definitive answer, then courts may resort to extrinsic sources, including the objects to be achieved. (*Mercy Hospital & Medical Center* v. *Farmers Ins. Group of Companies* (1997) 15 Cal.4th 213, 219 [61 Cal.Rptr.2d 638, 932 P.2d 210].) "When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citations.] ' "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent." ' [Citation.]" (*Pacific Gas & Electric Co.* v. *County of Stanislaus* (1997) 16 Cal.4th 1143, 1152 [69 Cal.Rptr.2d 329, 947 P.2d 291].)

■ Noting that the provisions of the Welfare and Institutions Code require a " 'noticed motion' to obtain judgment" and contemplate "a motion to establish child support," the *Perry* court rejected the argument that the complaint in a paternity action constitutes the proper notice required by section 4009. (Former Welf. & Inst. Code, §§ 11350.1, 11475.1.) In contrast, the *Keegan* court held a complaint filed under Welfare and Institutions Code section 11350.1 is "the functional equivalent of a notice of motion or order to show cause used in a Family Code action," because the stated purpose of the action, to establish child support, places the defendant on notice at the outset of the proceeding.

A civil complaint is a pleading which sets out the formal allegations and claims of a party. (Code Civ. Proc., §§ 420, 422.10.) A motion is an application for an order or judgment. (Code Civ. Proc., § 1003.) Ordinarily, the notice required for an order in a civil action is outlined in the Code of Civil Procedure. (Code Civ. Proc., §§ 1003-1008, 1010-1020.) ■ The fact that an opposing party has actual knowledge of a pending court proceeding will not excuse the moving party from the requirement of giving the written notice required by statute. (*In re Marriage of Lugo* (1985) 170 Cal.App.3d 427, 434 [217 Cal.Rptr. 74].) ■ A complaint and a noticed motion are quite distinct. The complaint used in paternity proceedings does not satisfy the statutory requirements for a noticed motion. The necessity for, and the timing of, subsequent proceedings depends on the defendant's response. The defendant may file an answer, stipulate to a disposition, or simply default. However, given the divergent interpretations of the Courts of

Appeal, we look to the legislative history to determine whether the terms used here differ from the ordinary understanding.[4]

In 1992, the Legislature consolidated sections relating to family law, adoption, and domestic violence and created the Family Code. (Stats. 1992, ch. 162, §§ 1-10, p. 464.) Former Civil Code section 4700, subdivision (a), was repealed and reenacted as section 4009 of the Family Code without substantive change. (See Stats. 1992, ch. 162, § 3, p. 464 [repealing Civil Code]; Stats. 1992, ch. 162, § 10, p. 582 [enacting Family Code section 4009].) Former Civil Code section 4700, as amended in 1980, was a lengthy provision dealing comprehensively with the establishment, duration, and accrual of child support payments. A portion of subdivision (a) of former Civil Code section 4700 dealt with the retroactivity of child support modifications. It provided: "Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke. The order of modification or revocation may be made retroactive to the date of the filing of the notice of motion or order to show cause to modify or revoke, or to any date subsequent thereto." (Former Civ. Code, § 4700, subd. (a), as amended by Stats. 1980, ch. 1341, § 4, p. 4745.)

This language dealt exclusively with modifications. It was apparently enacted because of lengthy delays in modification proceedings. Prior to this amendment, modifications could only be ordered prospectively—a situation which created an incentive for noncustodial parents to avoid service. The statute was silent about the retroactivity of original support orders. Under the predecessor statutes to former Civil Code section 4700, the courts had consistently held that child support could be awarded retroactive to the filing of the original complaint. "As a general rule a judgment must be based upon the respective rights of the parties as they exist at the commencement of an action to enforce them. At the time this action commenced it was the legal duty of the defendant to support the child. Under such circumstances, a defendant ought not to be relieved from the discharge of a part of such duty by the delays incident to litigation." (*Mathews* v. *Hornbeck* (1927) 80 Cal.App. 704, 707 [252 P. 667]; *Kyne* v. *Kyne* (1940) 38 Cal.App.2d 122, 133 [100 P.2d 806].)

In 1985, the Legislature apparently sought to clarify the rules for retroactivity of original support orders. They did not succeed. The amendment extinguished the distinction between original support orders and modifications by extending the scope of the statute to "[a]ny order for child support."

---

[4]The Attorney General's request for judicial notice of the legislative history is granted. (Evid. Code, § 452, subd. (c).)

The legislative history suggests the lawmakers used this language deliberately. However, the legislative analyses continually blur the distinction between "filing of the original complaint" or "filing of the original action" and "the filing of a noticed motion."

For example, the analysis of Senate Bill No. 476 for the Senate Committee on the Judiciary defines the key issue as whether support orders should be "retroactive to the date of the filing of the motion rather than the date the order is made." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 476 (1985-1986 Reg. Sess.) as amended Apr. 8, 1986, p. 1.) The same analysis explains: "This bill would provide for the retroactive application of support orders *from the date of filing the original support action.*" (*Id.* at p. 2, italics added.) But this statement is augmented in the comment section with the explanation that "[t]his bill would merely explicitly grant the courts the authority to make these orders retroactive *to the date of filing the notice of motion or order to show cause.*" (*Ibid.*, italics added.) Similarly, the analysis of the Assembly Committee on the Judiciary explains the bill "[c]larifies that a court may make any order for support . . . effective commencing with the date of filing of the notice of motion or order to show cause." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 476 (1985-1986 Reg. Sess.) as amended Aug. 29, 1985, p. 1.) The comments to the Assembly's analysis explain the position of the bill's proponents, noting "some courts have interpreted Civil Code Section 4700 to foreclose the retroactive application of a child . . . support order to the date of filing the original support motion" (Assem. Com on Judiciary, analysis of Sen. Bill No. 476, *supra*, at p. 2), but proponents contend "the original legislative intent was to permit a court to make all such support orders retroactive to [the] date of filing the motion, that the misused statutory language was to clarify that any modification or revocation may not be made effective at any time *prior* to the filing of the motion." (*Ibid.*)

Only the analysis of the Senate Rules Committee clearly states Senate Bill No. 476 would "provide for the retroactive application of support orders from the date of filing the original support action." (Sen. Rules Com., Analysis of Sen. Bill No. 476 (1985-1986 Reg. Sess.) as amended Aug. 29, 1985, p. 2.) Unfortunately, the analysis continues to blur the distinction between the filing of a complaint and a motion. Explaining the position of the bill's proponents, the analysis notes "some courts have interpreted Civil Code Section 4700 to foreclose the retroactive application of a child . . . support order to the date of filing the original support motion, although such retroactive application to the date of *filing the motion or order to show cause* may be ordered when support is being modified or revoked." (Sen. Rules Com., Analysis of Sen. Bill No. 476, *supra*, at p. 3, italics added.)

Temporary support is available during the pendency of a dissolution. (Fam. Code, § 3600 et seq.) Temporary support may also be obtained during the pendency of an action to establish support. (Welf. & Inst. Code, § 11475.1, subd. (f).) In the latter case, the motion for temporary support cannot be made until the plaintiff can make a prima facie showing of paternity. (*Thomas B.* v. *Superior Court* (1985) 175 Cal.App.3d 255, 265 [220 Cal.Rptr. 577] [no financial records are discoverable for purposes of awarding interim support until after a prima facie showing of paternity is made].)

The Attorney General argues persuasively that a parent's responsibility for child support is ongoing, and therefore such support orders should be retroactive to the date of filing the original complaint. The Attorney General's position is certainly appealing from a public policy perspective. As he notes, tying retroactivity to a noticed motion or order to show cause means premature motions may have to be filed, and cooperative defendants in paternity actions may be worse off than defendants who litigate to the bitter end.

The Attorney General's position is also consistent with recent legislative actions focusing on early enforcement of child support obligations. The Judicial Council form used in paternity actions assumes the parent will be ordered to pay support from the date the complaint is filed.[5] Moreover, the legislative history suggests the Legislature did intend to maximize retroactivity when it amended former Civil Code section 4700, subdivision (a). If that was the Legislature's intent, however, it failed to achieve its goal in any iteration of the statute. Section 4009 refers only to "the date of filing the notice of motion or order to show cause . . . ." That limitation applies alike to dissolution actions under the Family Code and paternity actions under Welfare and Institutions Code provisions. There will generally be a longer gap between the filing of the complaint and the commencement of the support obligation in the latter case, but that is because the parental obligation of family law defendants is presumed while the parental obligation of alleged parents in Title IV-D actions must be established. In either case, the retroactivity of the support order is determined by the date of filing of the notice of motion or order to show cause.

The Attorney General tries to avoid the unpalatable result by focusing on the permissive language of the statute. Since the statute says the order "may

[5]The Judicial Council, in consultation with the Department of Social Services and representatives of the California Family Support Council, the Senate Committee on the Judiciary, the Assembly Committee on the Judiciary, and a legal services organization, developed the forms for use in Welfare and Institutions Code section 11475.1 actions. "Item (9)" of the government complaint to establish paternity and support (Cal. Rules of Court, rule 1298.10) prays that "[d]efendant be ordered to pay child support . . . pursuant to the guideline from the date of filing of this complaint."

be made retroactive to the date of filing the notice," he maintains there is "still no plain statutory barrier to making an original support order retroactive to the date the original prayer for relief is filed." The Attorney General is wrong. The statute is permissive, but it grants trial courts permission to make a support order retroactive to the date the notice of motion or order to show cause is filed or, in the court's discretion, to a subsequent date. The statute cannot reasonably be read to permit courts to make a support order retroactive to a date *prior* to the filing of the notice of motion or order to show cause. When the Legislature codifies a provision applicable without exception to all support orders, the statute necessarily abrogates contrary case law and precludes courts from establishing a different rule. (Civ. Code, § 4 ["The code establishes the law of this state . . . and its provisions are to be liberally construed . . . ."].)

Requiring the filing of either a noticed motion or an order to show cause is neither completely unreasonable nor absurd. As the Attorney General concedes, until there is at least a prima facie showing of paternity, the defendant in a paternity action remains a legal stranger to the child. Indeed, the Legislature may be as eager to encourage prompt establishment of paternity as it is to ensure adequate child support. Under these circumstances, we are bound by the words of the statute and must conclude the Legislature meant what it said. (*People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) ■ " ' "[W]hatever may be thought of the wisdom, expediency, or policy of the act" ' " (*People v. Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380], quoting *Woodmansee* v. *Lowery* (1959) 167 Cal.App.2d 645, 652 [334 P.2d 991]), we have no power to rewrite the statute to make it conform to a presumed intention that is not expressed. (*Kopp* v. *Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 653 [47 Cal.Rptr.2d 108, 905 P.2d 1248]; *Seaboard Acceptance Corp.* v. *Shay* (1931) 214 Cal. 361, 365-366 [5 P.2d 882].)

### III. DISPOSITION

The judgment of the Fourth District Court of Appeal is reversed. The judgment of the Sixth District Court of Appeal is affirmed.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.