[No. G033378. Fourth Dist., Div. Three. Sept. 30, 2004.]

MARVIN CHAVEZ, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Stephen Gilbert for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Brian N. Gurwitz, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**O'LEARY, Acting P. J.**—Marvin Chavez was arrested for cultivation and possession of marijuana for sale. After his case was dismissed, he filed a motion seeking the return of "a reasonable amount" of marijuana for medicinal purposes. Chavez contends it was an abuse of discretion for the trial court to deny the motion because he is entitled to possess, use, and cultivate marijuana pursuant to Health and Safety Code section 11362.5—the Compassionate Use Act of 1996.[1] We disagree and deny the petition.

## FACTS

The facts are largely undisputed. A jury convicted Chavez of two counts of selling and one count of transporting marijuana in Orange County Superior Court case No. 98CF0113. He was sentenced to six years and granted bail pending appeal. While awaiting the outcome of the appeal on the first case, Chavez was arrested on new charges. A September 2001 search of Chavez's home had uncovered 46 live marijuana plants, 10 pounds of marijuana drying in a shed, and approximately 4.5 pounds of cultivated marijuana. In the new case, Orange County Superior Court No. 01CF2914, Chavez was charged with one count of cultivation and one count of possession of marijuana for sale. Chavez was held to answer. This court then issued its opinion affirming Chavez's convictions in the first case (*People v. Chavez* (May 28, 2002, G024825) [nonpub. opn.].) and Chavez began serving his prison sentence. Accordingly, the People moved to dismiss the second case "in the interest of justice and judicial economy . . . ."

Three days after the second case was dismissed, Chavez filed a motion for return of property, including five pounds of marijuana.[2] At the hearing on the motion, Chavez testified he suffers from ankylosing spondylitis, which according to his physician is a progressive degenerative disease of the spine

---

[1] All further statutory references are to the Health and Safety Code, unless otherwise indicated.

[2] Chavez's motion, and this petition, seek return of the marijuana pursuant to Penal Code section 1538.5, subdivision (e), which provides, "If a search or seizure motion is granted at a trial, the property shall be returned upon order of the court unless it is otherwise subject to lawful detention. If the motion is granted at a special hearing, the property shall be returned upon order of the court only if . . . the property is not subject to lawful detention . . . ." In response to this court's inquiry as to whether Penal Code section 1538.5, subdivision (e) applies, the parties concur the statute is irrelevant to this case and agree Chavez would have been able to proceed with a nonstatutory motion for return of property had the motion been filed correctly. We agree with them. While a criminal defendant may move for return of property pursuant to Penal Code section 1538.5, a "defendant may also bring a nonstatutory motion for return of property seized by warrant or incident to arrest which was not introduced into evidence but remained in possession of the seizing officer. [Citation.]" (*People v. Lamonte* (1997) 53 Cal.App.4th 544, 549 [61 Cal.Rptr.2d 810].) Accordingly, we treat the motion as a nonstatutory motion.

that causes chronic pain. In support of his contention he is entitled to possess marijuana pursuant to section 11362.5, Chavez provided the court with a letter and a physician's statement from his doctor approving marijuana to relieve his pain. According to Chavez, the five pounds of marijuana sought in the motion represents a one-year supply of marijuana. Before ruling on the motion, the court also considered expert testimony regarding government research on dosages of medical marijuana and cultivation yields.

At the conclusion of the hearing, the court stated it believed the testimony of the witnesses, but found "the amount of marijuana that was possessed exceeds the amount for personal medical use." The court explained, "it would be improper to apportion that and to release a portion of it back. [¶] The court doesn't feel that is the job of the court when it feels that there is an excessive amount, that to somehow apportion part of it and say this is for medical use and this remaining portion is not[,] just doesn't make sense to the court to do that as some type of an arbiter doing these cases is what is medical use. [¶] So the court is going to deny the return of the property based upon those grounds."

Chavez filed a petition for a writ of mandate asking this court to direct respondent court to grant his motion for return of property. This court summarily denied the petition and the Supreme Court granted review. The case was remanded, and acting at the direction of the Supreme Court, this court issued an order to show cause.

## DISCUSSION

■ Chavez argues the trial court abused its discretion by refusing to order the return of an amount of marijuana that is reasonable for medicinal purposes because the Compassionate Use Act permits his possession of a reasonable amount. A writ of mandamus may issue to "compel the [trial court's] performance of an act which the law specifically enjoins . . . ." (Code Civ. Proc., § 1085, subd. (a)), and mandamus is the appropriate remedy for a defendant in a criminal proceeding "to compel the return of personal property wrongfully withheld by the custodial officers. [Citations.]" (*Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113, 123 [113 Cal.Rptr. 102, 520 P.2d 726]; see also *Suki, Inc. v. Superior Court* (1976) 60 Cal.App.3d 616, 624 [131 Cal.Rptr. 615]; *Gershenhorn v. Superior Court* (1964) 227 Cal.App.2d 361, 366 [38 Cal.Rptr. 576].) We conclude the petition should be denied because sections 11473.5 and 11475 require the destruction of the marijuana in this case, destruction of the marijuana does not violate the Compassionate Use Act, and the court is without authority to return contraband to the individual from whom it was seized.

## 1. *Mandatory Destruction of Controlled Substances*

■ The Health and Safety Code lists marijuana as a Schedule I controlled substance. (§ 11054, subd. (d)(13).) "Controlled substances listed in Schedule I that are possessed, transferred, sold, or offered for sale in violation of this division are contraband and shall be seized and summarily forfeited to the state." (§ 11475, see also §§ 11470, 11476.) ■ Even without a conviction, the court is authorized to order the destruction of controlled substances under section 11473.5 which provides, "All seizures of controlled substances . . . which are in possession of any city, county, or state official as found property, or as the result of a case in which no trial was had or which has been disposed of by way of dismissal or otherwise than by way of conviction, shall be destroyed by order of the court, unless the court finds that the controlled substances . . . were lawfully possessed by the defendant."

## 2. *Marijuana Not Lawfully Possessed*

■ A person is prohibited from planting, cultivating, harvesting, drying, or possessing marijuana "except as otherwise provided by law . . . ." (§§ 11357, 11358.) In 1996, "except as otherwise provided by law . . ." was given new meaning when California voters passed Proposition 215, the Compassionate Use Act. Section 11362.5, subdivision (b)(1)(B) declares the intent of the electorate, "To ensure that patients and their primary caregivers who obtain and use marijuana for medical purposes upon the recommendation of a physician are not subject to criminal prosecution or sanction." Accordingly, section 11362.5, subdivision (d) provides that "[s]ection 11357, relating to the possession of marijuana, and [s]ection 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician."

■ While section 11362.5 permits possession and cultivation for personal medicinal purposes without criminal penalty, the statute is not without limitation. As originally enacted, " 'Proposition 215 was approved by the voters without specificity as to the strength, quality, *or quantity* of marijuana to be used for medical purposes as long as the use is reasonably related to the patient's current medical needs and was recommended or approved by a physician. [Citations.]' (86 Ops.Cal.Atty.Gen. 180 (2003), italics added [hashish and concentrated cannabis may be used for medical purposes under the CUA].)" (*People v. Wright* (2004) 121 Cal.App.4th 1356, 1365 [18 Cal.Rptr.3d 220].) Recently enacted section 11362.77, subdivision (a) specifies an acceptable amount—eight ounces of dried marijuana plus six mature or 12 immature plants per qualified patient. Additionally, "If a qualified

patient or primary caregiver has a doctor's recommendation that this quantity does not meet the qualified patient's medical needs, the qualified patient or primary caregiver may possess an amount of marijuana consistent with the patient's needs." (§ 11362.77, subd. (b), Stats. 2003, ch. 875, § 2.)

The People concede that Chavez is a qualified patient pursuant to section 11362.5. However, they contend Chavez is outside the statute's protection because he possessed and cultivated an amount in excess of his medical needs. For his part, Chavez concedes he possessed an amount in excess of what is allowed by statute. But, he argues, he is entitled to lawfully possess and cultivate marijuana and thus is entitled to return of the amount he may lawfully possess for medicinal purposes.

■  Chavez is wrong for the simple reason that his possession of the very large quantities of marijuana involved in this case precludes him from invoking the protection of the Compassionate Use Act. Defining the boundaries of the Compassionate Use Act, the Supreme Court has held section 11362.5 does not afford a patient absolute immunity from arrest and prosecution, but only limited immunity allowing the patient or primary caregiver to raise the medical use defense to set aside an information, indictment, or as a defense at trial. (*People v. Mower* (2002) 28 Cal.4th 457, 470 [122 Cal.Rptr.2d 326, 49 P.3d 1067].) A patient entitled to possess or cultivate marijuana pursuant to section 11362.5 is not protected for "[t]he acts of selling, giving away, transporting, and growing large quantities of marijuana [which] remain criminal." (*People v. Rigo* (1999) 69 Cal.App.4th 409, 415 [81 Cal.Rptr.2d 624]; see also *People v. Galambos* (2002) 104 Cal.App.4th 1147 [128 Cal.Rptr.2d 844].)

In *People v. Galambos, supra,* 104 Cal.App.4th 1147, the defendant claimed he was entitled to immunity pursuant to section 11362.5 on the basis that he cultivated marijuana for his personal use and for a cannabis cooperative. On review, the court held the defendant was not entitled to immunity for cultivation "as a patient" for several reasons, one of which included the fact "[he] was growing (by his own admission) more marijuana than necessary for his personal medical needs." (*People v. Galambos, supra,* 104 Cal.App.4th at p. 1169, fn. 10.)

In this case, Chavez admits he possessed and cultivated marijuana in excess of the statute. Although the underlying criminal case was dismissed in the interest of justice when Chavez's conviction in the prior case was affirmed on appeal, the testimony at the hearing regarding the amount of marijuana seized (4.5 pounds dried, 10 pounds drying, and 46 plants)

confirmed Chavez was not in lawful possession. As the trial court noted, by Chavez's own accounts the total was about a three-year supply. In addition, the five pounds Chavez has asked be returned far exceeds the eight-ounce limit contained in the newly enacted section 11362.77 and he has not offered a doctor's recommendation that eight ounces of marijuana does not meet his needs. As such, his possession and cultivation of marijuana cannot be deemed lawful and section 11473.5 requires its destruction. (See § 11473.5, subd. (a) [all seizures of controlled substances shall be destroyed unless court finds the controlled substances were lawfully possessed].)

3. *No Authority for Return of Controlled Substance Under Compassionate Use Act*

■    Chavez has failed to establish the basis of authority for the court to return the marijuana in this case. The issue is not, as Chavez contends "whether [he] has a right to use, possess and cultivate marijuana." The issue is whether the trial court has authority to return the controlled substance, which was not lawfully possessed due to the large quantities involved. We conclude the Compassionate Use Act does not contemplate the return of illegally possessed drugs.

Although the Compassionate Use Act makes clear it was the intent of California voters "[t]o ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes . . ." (§ 11362.5, subd. (b)(1)(A)), noticeably absent from the statute is a provision which requires, or authorizes, the court to return confiscated marijuana.[3] As the People have observed, courts "have no power to rewrite the statute to make it conform to a presumed intention that is not expressed. [Citations.]" (*County of Santa Clara v. Perry* (1998) 18 Cal.4th 435, 446 [75 Cal.Rptr.2d 738, 956 P.2d 1191].) Because the Compassionate Use Act makes no provision for return of marijuana, we are compelled to apply the existing statutes, specifically section 11473.5, which requires destruction of Schedule I controlled substances. Accordingly, the trial court did not abuse its discretion when it refused to return any portion of the marijuana.

---

[3] By way of comparison, we note the State of Oregon's Medical Marijuana Act specifically provides that in the event of a seizure of medical marijuana, the marijuana "shall not be harmed, neglected, injured or destroyed" by law enforcement, the marijuana may not be forfeited, and usable marijuana must be returned immediately upon a determination that it was medical marijuana. (ORS § 475.323, subd. (2); see *State v. Kama* (2002) 178 Or.App. 561 [39 P.3d 866].)

## DISPOSITION

The petition is denied.

Moore, J., and Fybel, J., concurred.

Petitioner's petition for review by the Supreme Court was denied December 22, 2004. Werdegar, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.