[No. C043156. Third Dist. June 30, 2005.]

In re BRENT F., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BRENT F., Defendant and Appellant.

▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇

## Counsel

John R. Hargreaves, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Carlos A. Martinez and Virna L. DePaul, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SCOTLAND, P. J.**—Brent F. (the minor) committed a sexual battery and was declared a ward of the juvenile court. His placements in various group homes failed because of the "extreme risk" that he would "sexually victimize others" in the group homes. Other group homes refused to take the minor because of his "sexual aggressiveness" and lack of amenability to therapy. Ultimately, the minor was placed in a sexual offender treatment program. However, this placement also failed because the minor was "unwilling or unable to control his deviant behavior" and he had a propensity to run away, thus posing a danger to the community.

Consequently, the probation department filed a Welfare and Institutions Code section 778 supplemental petition, seeking to commit the minor to the California Youth Authority (CYA) because the probation officer had "exhausted all [other] placement options . . . ." (Further section references are to the Welfare and Institutions Code unless otherwise specified.) Over the minor's objection that a section 778 petition cannot be used to obtain the disposition sought by the probation department, the juvenile court sustained the supplemental petition and committed the minor to CYA.

On appeal, the minor contends the juvenile court erred in "relying upon section 778" to change his placement to CYA. We agree.

■ As we will explain, section 777 is the exclusive statutory mechanism for a juvenile court to modify a prior placement order by committing a ward of the court to CYA. We reject an argument by the People based on the fact that Proposition 21, passed by the voters in 2000, narrowed the bases for such a modification by (1) eliminating the general ground that "the previous disposition has not been effective in the rehabilitation or protection of the minor" (former § 777, subd. (a)), and (2) substituting instead the grounds that either "the minor has violated an order of the court" (§ 777, subd. (a)(1)) or the minor has violated a "condition of probation" (§ 777, subd. (a)(2)). "It makes sense," say the People, that "section 778 is now designed to account for those juveniles, like appellant, [who] need a change in placement for reasons other than their own misconduct." However, Proposition 21 did not change section 778, and we have no authority to do what the People ask, i.e., to in effect rewrite the statutory scheme in a way that would make superfluous the provisions of section 777, as revised by the voters. The more specific provisions of section 777 control over the more general provisions of section 778 when the People seek to have the juvenile court modify a previous order by committing a ward to CYA. If, as the People suggest, there is a flaw in the scheme, it is up to the Legislature or the electorate by initiative, not the courts, to correct it.

## DISCUSSION

■ When there is a "change of circumstance or new evidence" regarding a ward of the juvenile court, section 778 authorizes anyone "having an interest" in the ward to petition the juvenile court, "in the same action in which the child was found to be a ward," for a hearing "to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court."[1]

---

[1] Section 778 states in pertinent part: "Any parent or other person having an interest in a child who is a ward of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a ward of the juvenile court for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall be verified and, if made by a person other than the child, shall state the petitioner's relationship to or interest in the child and shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change of order or termination of jurisdiction. [¶] If it appears that the best interests of the child may be promoted by the proposed change of order or termination of jurisdiction, the court shall order that a hearing be held and shall give prior notice, or cause prior notice to be given . . . ."

Section 777 is more specific. It states in part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, *or an order changing or modifying a previous order by directing commitment to the Youth Authority* shall be made only after a noticed hearing." (§ 777, italics added.)

■ Consistent with the more specific provisions of section 777, italicized above, it has long been held that when the juvenile court is being asked to modify placement by committing a ward to CYA, then section 777, not section 778, applies. (*In re Kazuo G.* (1994) 22 Cal.App.4th 1, 6 [27 Cal.Rptr.2d 155]; *In re Geronimo M.* (1985) 166 Cal.App.3d 573, 584 [212 Cal.Rptr. 532].)

Prior to the passage of Proposition 21 by the voters on March 7, 2000, section 777 allowed, with two exceptions, a juvenile court to change or modify the previous placement of a ward "only after noticed hearing upon a supplemental petition" and a finding by the court "that the previous disposition has not been effective in the rehabilitation or protection of the minor." (Former § 777 & subds. (a)(1), (2), (b); see Stats. 1989, ch. 1117, § 18, p. 4127.)[2]

Proposition 21 eliminated from section 777 the need for a supplemental petition; now, only a "noticed hearing" is required. (§ 777 & subd. (a).) The initiative also lowered the burden of proof to a preponderance of the evidence (§ 777, subd. (c)) and allowed the introduction of reliable hearsay evidence (§ 777, subd. (c)).

In addition, Proposition 21 altered the circumstances under which a juvenile court can change or modify a previous order by either (1) "removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private institution or . . . county institution," or (2) "directing commitment to [CYA]." (§ 777.) Now it must be proved that the minor has "violated an order

---

[2] The two exceptions were as follows: If the section 777 supplemental petition alleged a violation of probation and sought commitment of the ward in a county juvenile institution for 30 days or less, then it was "not necessary to allege and prove that the previous disposition has not been effective in the rehabilitation or protection of the minor"; however, to make such a commitment the court had to find the commitment was "in the best interest of the minor." (Former § 777, subd. (b).) A supplemental petition and hearing were not required in the very limited situation set forth in subdivision (e) of former section 777.

of the court" (§ 777, subd. (a)(1)) or has violated a "condition of probation" by conduct "not amounting to a crime" (§ 777, subd. (a)(2)).

Consequently, in the People's words, Proposition 21 allows the juvenile court to change or modify a previous order as set forth in section 777 only when the ward has engaged in "misconduct."

According to the People, "[i]t makes sense then, that section 778 is now designed to account for those juveniles, like appellant, [who] need a change in placement for reasons other than their own misconduct." This is so, they claim, because "[n]othing in section 778 limits the . . . ability to request a modification hearing to place a ward in a more restrictive environment." To construe the statute otherwise, the People argue, would mean that "a [ward] who has not committed a violation of probation or violated a court order, but whose placement options have run out, cannot be placed in a more restrictive placement . . . even if all other placement options are found unavailable or unsuitable for the [ward]. Given this situation, the state would be forced to return custody of the [ward] to his parents, regardless of whether this would be in the best interest of the [ward] or the public."

The People's argument has superficial appeal, but we are unable to legitimately embrace their interpretation of the statute for two reasons.

■ Prior to the passage of Proposition 21, section 778 always was interpreted not to apply when a request is made to change or modify a previous order by committing a minor to CYA. Proposition 21 did not change section 778. Nevertheless, the People in effect ask us to rewrite the statutory scheme in a way that would make superfluous the provisions of section 777, as revised by the voters. We have no authority to do so. (*County of Santa Clara v. Perry* (1998) 18 Cal.4th 435, 446 [75 Cal.Rptr.2d 738, 956 P.2d 1191] [courts "have no power to rewrite the statute to make it conform to a presumed intention that is not expressed"].)

■ Moreover, the People's position runs afoul of the established rule of statutory construction that a " 'specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147].) Section 777 is such a more specific

statute to the extent it applies when the People seek to have the juvenile court modify a previous order by committing a ward to CYA. Thus, the more general provisions of section 778 must give way to section 777 in such a circumstance.[3]

■ As for the People's concern that Proposition 21's amendment of section 777 may have adverse consequences in certain circumstances, it is not the role of the courts to pass upon the social wisdom of the amendment. If there is a flaw in the statutory scheme, it is up to the Legislature or the voters by initiative, not the courts, to correct it. (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788].)

Also without merit is the People's contention that section 775 allows the use of section 778 to increase the level of placement by committing a ward to CYA. Section 775 states "[a]ny order made by the [juvenile] court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, *subject to such procedural requirements as are imposed by this article.*" (Italics added.) Because the procedural requisites of section 777 are among those imposed by the article's statutory scheme, section 775 requires compliance with section 777 when the request for modification is for a commitment to CYA.

■ Because section 777 is the exclusive statutory mechanism for modifying or otherwise changing a previous order by committing a ward to CYA, the juvenile court erred in allowing section 778 to be used for that purpose in this case.

Anticipating that we might so construe the statutory scheme, the People urge us to remand the matter to the juvenile court to permit the filing of a section 777 petition seeking a CYA commitment. The minor disagrees, arguing there is no basis for such a petition. We will remand the matter to permit such a petition to be filed and leave it to the juvenile court in the first instance to determine whether the minor's flight risk and apparent failure to cooperate with the requirements of his placement constitute a violation of the juvenile court's commitment order or a violation of probation.

---

[3] In the minor's view, section 778 never can be used "to impose a more restrictive placement." We see no such broad limitation in the statutory scheme. Section 778 applies where section 777 does not. Section 777 applies only where a previous order will be changed or modified by either (1) committing a minor to CYA, or (2) removing a minor from the physical custody of a parent, guardian, relative, or friend, and directing that the minor be placed in a foster home or in a private or county institution. Therefore, where the previous order removed a minor from the physical custody of the parents but did not place the minor with a guardian, relative, or friend, then section 778 can be used to change or modify the order to a more restrictive placement, as long as it is not a commitment to CYA.

## DISPOSITION

The order committing the minor to CYA pursuant to section 778 is reversed, and the matter is remanded to the juvenile court for further proceedings consistent with this opinion.

Morrison, J., and Butz, J., concurred.