Filed 11/6/19; Certified for publication 11/26/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| COUNTY OF LOS ANGELES CHILD SUPPORT SERVICES DEPARTMENT, | B291505 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 17CWCS09367) |
| v. | |
| TRAVONN MALIK WATSON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Los Angeles County Superior Court, Angela Villegas, Commissioner. Reversed and remanded with directions.

Xavier Becerra, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Linda M. Gonzalez, Supervising Deputy Attorney General and Ricardo Enriquez, Deputy Attorney General for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

## INTRODUCTION

The Los Angeles County Child Support Services Department filed this action against Travonn Malik Watson seeking an order compelling Watson to make monthly child support payments effective December 1, 2017. The Department served Watson with the complaint and a proposed judgment. When Watson did not respond to the complaint, the Department requested, and the superior court entered, Watson's default. When the court entered the default judgment, however, the court, unilaterally and without prior notice, changed the effective date of the child support obligation from December 1, 2017 to March 1, 2018.

The Department argues the superior court erred in reducing the amount of the default judgment to exclude three months of child support. Because the superior court should not have amended the judgment sua sponte, we reverse the judgment and remand the matter with directions to enter the proposed judgment as the final judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 15, 2017 the Department filed a complaint and prepared a proposed judgment against Watson for child support. Based on California support guidelines, the Department sought a judgment ordering Watson to pay $324 in monthly child support, effective December 1, 2017. The complaint notified Watson that, if he did "not file an *Answer*, the proposed *Judgment* will become a final determination that you are the parent and responsible for support. If you are required to pay

2

child support, the payments may be taken from your pay or other property without further notice." The proposed judgment stated Watson would have to pay monthly child support of $324 on the first day of each month beginning December 1, 2017.

Watson was personally served with the summons, complaint, and proposed judgment on February 19, 2018, 96 days after the Department filed the complaint. According to the child support officer's declaration, the Department obtained Watson's address through the National Directory of New Hires.

On May 2, 2018 the Department filed a request to enter Watson's default. That same day, the court entered Watson's default and a default judgment, but changed the commencement date of the child support obligation from December 1, 2017 to March 1, 2018. The only explanation for the change was a stamp on the judgment stating: "Child support commencement date pursuant to Family Code Section 4009." The Department gave Watson notice of the judgment on June 11, 2018 and filed a timely notice of appeal.

## DISCUSSION

### A. *Standard of Review*

"[T]he trial court's findings of fact in connection with a child support order [are reviewed] under the substantial evidence standard . . . . [Citation.] 'To the extent the trial court's decision reflects an interpretation of a statute, it presents a question of law that we review de novo.'" (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 906-907.) We review the superior

3

court's interpretation of a Family Code statute de novo.[1]  (*N.S. v. D.M.* (2018) 21 Cal.App.5th 1040, 1047; *In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 345.)

      B.    *Default Judgments and Retroactivity in Child Support Actions*

"In 1974, Congress enacted title IV-D of the Social Security Act '[f]or the purpose of enforcing the support obligations owed by absent parents to their children and the spouse (or former spouse) with whom such children are living.'  [Citations.]  This 'IV-D' program was intended 'to recoup welfare costs from the absent parents of children being given public assistance.'" (*County of Lake v. Palla* (2001) 94 Cal.App.4th 418, 421-422 (*Palla*).)  "In return for receiving federal funding for public assistance, title IV-D requires the states to provide services related to the establishment, modification, and enforcement of child support obligations.  [Citation.]  The California Legislature has enacted statutes designed to ensure that our state complies with its title IV-D obligations.  [Citations.]  In 1999, the Legislature enacted a new statutory scheme that created a Department of Child Support Services within the California Health and Human Services Agency, to establish, collect, and distribute child support.  [Citations.]  The pertinent Welfare and Institutions Code sections were repealed and replaced with Family Code sections 17400, 17402, 17404, 17406, and 17415." (*Palla*, at p. 422, fn. omitted; see *In re Marriage of LaMoure* (2011) 198 Cal.App.4th 807, 823, fn. 5 ["Title IV-D 'imposes a

---

[1]    Undesignated statutory references are to the Family Code.

4

series of obligations on the states, including the requirement that the state provide services related to the enforcement of child support obligations.'"].)  The new statutory scheme transferred responsibility for bringing child support actions from district attorneys to local child support agencies.  (§ 17305.)

These local agencies now have "the responsibility for promptly and effectively establishing, modifying, and enforcing child support obligations."  (§ 17400, subd. (a).)[2]  In bringing an action to enforce these obligations, child support agencies must use "simplified summons, complaint, and answer forms" developed by the Judicial Council.  (§ 17400, subd. (d)(1).)  Section 17400, subdivision (d)(2), provides:  "The complaint form shall be accompanied by a proposed judgment.  The complaint form shall include a notice to the support obligor that the proposed judgment will become effective if he or she fails to file an answer with the court within 30 days of service. . . .  [I]f the proposed judgment is entered by the court, the support order in the proposed judgment shall be effective as of the first day of the month following the filing of the complaint."  The Department here used the correct judicial council forms and prepared a proposed judgment making the support order effective the first day of the month after the Department filed the complaint.

This appeal concerns the procedures governing default judgments in actions by a child support agency and their relationship to the retroactivity of those judgments.  Default judgments in child support actions are not uncommon.  "A large

---

[2]    Section 4002, subdivision (a), also provides:  "The county may proceed on behalf of a child to enforce the child's right of support against a parent."

5

number of child support orders are obtained by a default judgment.  In one study by the Judicial Council, more than 70 percent of all child support orders studied were obtained by default judgment."  (Stats. 1999, ch. 653 § 1.)  Because of this problem, the Legislature enacted specific provisions to govern the entry of a default judgment when a parent served with a summons and complaint does not respond timely.

Section 17430, subdivision (a), provides:  "Notwithstanding any other provision of law, in any action filed by the local child support agency . . . , a judgment shall be entered without hearing, without the presentation of any other evidence or further notice to the defendant, upon the filing of proof of service by the local child support agency evidencing that more than 30 days have passed since the simplified summons and complaint, proposed judgment, blank answer, blank income and expense declaration, and all notices required by this division were served on the defendant."  (See *County of Yuba v. Savedra* (2000) 78 Cal.App.4th 1311, 1323 ["The reference in . . . section 17430, subdivision (a), to 'without presentation of any other evidence' makes clear that the only evidence that need be submitted is that required by section 17400, and that no hearing or prove-up is required."].)  Section 17430, subdivision (b), provides that the proposed judgment served with the summons and complaint "shall be conformed by the court as the final judgment."  Thus, "where a parent fails to respond to the complaint and summons, the proposed judgment 'shall' be entered. . . .  The mandatory language of section 17430 means that the Legislature intended that the proposed judgment become final upon the defendant's default, 'as long as that proposed judgment was prepared as

required by the statute.'" (*Palla, supra*, 94 Cal.App.4th at p. 424; see *County of Yuba*, at p. 1321.)

A different statute governs whether a child support order, whether sought by an agency in a support action or a parent in a family law action, may be retroactive to the date of the filing of the complaint or petition. Section 4009 provides: "An original order for child support may be made retroactive to the date of filing the petition, complaint, or other initial pleading. If the parent ordered to pay support was not served with the petition, complaint, or other initial pleading within 90 days after filing and the court finds that the parent was not intentionally evading service, the child support order shall be effective no earlier than the date of service." (See *In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 373 ["The plain language of section 4009 gives the trial court the legal authority to make an original order for child support 'retroactive to the date of filing the petition, complaint, or other initial pleading.'"]; see also *County of Santa Clara v. Perry* (1998) 18 Cal.4th 435, 440 ["Family Code section 4009 . . . governs the effective date for child support orders obtained in family law actions"].)[3]

---

[3] In contrast, whether an established child support order is retroactive is limited by federal law. (See § 17400, subd. (c) ["In any action brought for modification or revocation of an order that is being enforced under Title IV-D of the Social Security Act (42 U.S.C. Sec. 651 et seq.), the effective date of the modification or revocation shall be as prescribed by federal law (42 U.S.C. Sec. 666(a)(9)), or any subsequent date."]; see also § 3653, subd. (a) ["An order modifying or terminating a support order may be made retroactive to the date of the filing of the notice of motion or order to show cause to modify or terminate, or to any subsequent

C.      *The Superior Court Erred in Entering a Default*
        *Judgment Different from the Proposed Judgment*

Although the proposed judgment the Department served on Watson required him to make child support payments as of December 1, 2017, the first day of the month after the Department filed the complaint, the superior court entered a judgment that required Watson to make support payments as of March 1, 2018.  It appears the court concluded under section 4009 that the Department served Watson more than 90 days after filing the complaint and that Watson did not intentionally evade service.  The court made no express findings on these issues, but simply changed the child support obligation date by putting a stamp on the judgment referencing section 4009.  Because the proof of service stated Watson was served on February 18, 2018, which was 96 days after the Department filed the complaint, there was evidence to support an implied finding the Department served Watson more than 90 days after filing.  But there was no evidence (let alone substantial evidence) on which the court could find Watson did not evade service, intentionally or otherwise.  In the absence of this evidence, the superior court erred in changing the effective date of Watson's child support obligation sua sponte to deprive Watson's children of three months of support.

Moreover, as stated, section 17430, subdivision (a), requires the court to enter a default judgment "without the presentation of any other evidence," and section 17430, subdivision (b), requires the court to enter the proposed judgment the Department filed at

---

date, except as provided in subdivision (b) or by federal law (42 U.S.C. Sec. 666(a)(9)."].)

8

the beginning of the case "as the final judgment."  (See Hogoboom and King, Cal. Practice Guide:  Family Law (The Rutter Group) ¶ 12:59 ["The complaint and proposed judgment give notice to the obligor that, unless an answer is filed within 30 days, the proposed judgment will become effective . . . *without a hearing* and *without the presentation of other evidence or further notice* to the obligor."].)  Section 17400, subdivision (d), requires child support agencies to use forms developed by the Judicial Council (*Palla, supra,* 94 Cal.App.4th at pp. 424-425 & fn. 6), and there are no forms to advise the court the defendant was intentionally evading service.  The Judicial Council form to request entry of default judgment (Judicial Council Forms, form FL-620) requires the child support agency to state that "[m]ore than 30 days have passed since service of the summons, complaint, and copy of the proposed judgment" and that the defendant is not serving in the military, but it does not ask the agency to explain whether or why the parent was served (here, six days) more than 90 days after filing.  Rather, the defendant has the burden to show he or she was not intentionally avoiding service, and Watson did not submit any such evidence.  Because Watson defaulted, section 17430 required the court to enter the proposed judgment the Department served on him.

This result is consistent with the purpose of the provision in section 4009 authorizing the court to make the effective date of the support order the date of service rather than the date of filing: to protect defendants from child support agencies taking too long to serve the complaint.  Allowing a child support agency to obtain an order effective on the date of filing may reduce the agency's incentive to serve the complaint and accompanying documents in a timely manner.  After all, there is no urgency to

9

serve the complaint and obtain a judgment when the child support meter is running from the date of filing. (See Hogoboom and King, Cal. Practice Guide: Family Law, *supra*, ¶ 5:142.1 [section 4009 "provides a significant economic incentive to serve the petition (or other initial pleading) *expeditiously*"].)

The Legislature amended Section 4009 in 1999 to address this concern, recognizing the problem of default judgments in child support actions. A prior piece of proposed legislation would have solved the problem by providing "that in all cases the support order may be made retroactive to the date of service of the complaint." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 380 (1999-2000 Reg. Sess.), p. 8.) But the Judicial Council had "some legitimate concerns about making all orders retroactive to the date of service as opposed to the date of filing." (*Ibid.*) According to the Senate Judiciary Committee Analysis, the "Judicial Council state[d] that in order to efficiently process large numbers of cases and to eliminate judicial backlog, DAs currently use the date of filing in proposed orders filed with the court and served on the defendants as the effective date of the proposed judgment for support. A date must be entered in the proposed judgment in order for it to automatically take effect following a default. The date of filing is used because at the time the complaint for support is filed, the DA does not know the exact date the service will be completed. If the date of service was used, the court would have to individually process each default judgment which would cause considerable delay at a time when everyone is trying to increase the speed and efficiency in which support orders are obtained." (*Ibid.*) For this reason, the Judicial Council proposed language adding the 90-day service period and the provision requiring the court to find the parent

10

was not evading service before modifying a proposed judgment. (*Ibid*.)  The Senate Judiciary Committee Analysis stated:  "This proposed amendment seems to be a fair compromise to continue the efficiency of processing support orders while protecting the rights of the parties."  (*Id.* at p. 9.)

This rationale, however, does not apply to defaulting defendants who have not appeared in the action to assert their rights.  For a defendant who does not respond to the complaint and chooses not to defend himself or herself, it does not matter how quickly the agency serves the complaint or how efficiently the court processes the support order.  Such a defendant has ignored the agency's warning that, if he or she does not respond to the complaint, the court will enter the proposed judgment. Indeed, as discussed, section 17430, subdivision (a), provides that, "[n]otwithstanding any other provision of law," where the parent does not respond within 30 days of service, and the Department, as here, served the defendant with all the required forms,[4] the court must enter the proposed judgment without a hearing and without the presentation of any other evidence.

---

[4]  The superior court gave no indication the Department prepared the complaint or the proposed judgment incorrectly.

11

## DISPOSITION

The judgment is reversed and the matter is remanded with directions to enter the proposed judgment the Department served on Watson, with an effective date for Watson's support obligation of December 1, 2017, as the final judgment.


SEGAL, J.


We concur:


ZELON, Acting P. J.


FEUER, J.

12

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| COUNTY OF LOS ANGELES CHILD SUPPORT SERVICES DEPARTMENT,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TRAVONN MALIK WATSON,<br><br>    Defendant and Respondent. | B291505<br><br>(Los Angeles County Super. Ct. No. 17CWCS09367)<br><br>**ORDER CERTIFYING OPINION FOR PUBLICATION; NO CHANGE IN APPELLATE JUDGMENT** |

THE COURT:

The opinion in this case filed November 6, 2019 was not certified for publication.  Because the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the requests for publication under California Rules of Court, rule 8.1120(a), are granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the opinion be published in the Official Reports.

This order does not change the appellate judgment.

_____
ZELON, Acting P. J.            SEGAL, J.            FEUER, J.